**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **AKEEM HARRIS,** § | |
|        **PLAINTIFF,** § | |
| § | |
| V. § | **CIVIL CASE NO. 3:23-CV-451-B-BK** |
| § | |
| **FAMERS BRANCH POLICE** § | |
| **DEPARTMENT, ET AL.,** § | |
|        **DEFENDANTS.** § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Akeem Harris' motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 6. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

On February 28, 2023, Harris filed a complaint against the Farmers Branch Police Department and the City of Farmers Branch arising from his arrest and detention on January 25, 2023. Doc. 3. On March 14, 2023, the Court issued its magistrate judge's questionnaire to allow Harris the opportunity expound on the factual allegations of his claims, which appeared insufficient to state a cognizable cause of action. Harris filed answers and supplemental answers to the questionnaire, Doc. 12 & Doc. 13, as well as an amended complaint (the "operative complaint"). Doc. 14.

In the operative complaint, Harris alleges that he was sleeping in his car overnight in a parking lot at the Farmers Branch public library. Doc. 14 at 2. At around 4 am, unnamed Farmers Branch police officers startled him by banging on the windows of his car and ordering him to exist his vehicle. Doc. 14 at 2. The officers allegedly told Harris that a car had been stolen in the same parking lot and that they wanted to talk to him. *Id.* Upon stepping out of his car, however, the officers threw Harris to the ground. *Id.* As he was being arrested, Harris apparently stated a few times that he did not consent to a search of his vehicle. Doc. 14 at 2. But the officers searched his car anyway and seized a firearm that was concealed under a blanket in the rear seat. *Id.* Harris was subsequently booked on theft and resisting arrest charges and detained for about six hours. Doc. 12 at 2. While confined, he was allegedly denied medical attention for an unspecified physical injury. *Id.* Then following his release, Harris learned that his vehicle had been towed and his firearm had been placed into evidence. Doc. 12 at 5. According to Harris, he was eventually denied access to his car for two days and his firearm for 13 days. Doc. 12 at 5.

Harris maintains Defendants violated his Fourth and Fifth Amendment rights and his Second Amendment right to bear arms. Doc. 14 at 4-5. He complains specifically of (1) excessive force, false arrest and search and seizure, (2) denial of medical attention during detention, and (3) deprivation of property following his release—his car and firearm. Doc. 14 at 3; Doc. 12 at 5. Harris avers that because he has experienced past incidents of police harassment, he fears that the reporting of his offenses on the NIBRS database "could result in future harassment … and . . . unconstitutional acts . . . against him" by law enforcement agencies. Doc. 12 at 6. He also suggests potential violations of 18 U.S.C. § 242. Doc. 14 at 4.

Harris seeks compensatory and punitive damages for emotional pain and suffering and reimbursement for medical expenses and other costs. Doc. 14 at 5-6.

Despite his many listed allegations, however, Harris fails to present a cognizable claim against the City of Farmers Branch and the Farmers Branch police department. Thus, this action should be dismissed for failure to state a claim.

## II. ANALYSIS

Since Harris is proceeding *in forma pauperis*, his claims are subject to preliminary screening under 28 U.S.C. § 1915(e). This section provides in part for the sua sponte dismissal of a complaint if the Court finds that it fails to state a claim upon which relief may be granted. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Harris' claims lack facial plausibility and should be dismissed for failure to state a claim.

### A. Claims Against the City of Farmers Branch Fail

Harris names the City of Farmers Branch as a defendant in his amended complaint. Doc. 14 at 1. The City of Farmers Branch, however, may be held liable only upon a showing that an official policy or custom caused the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978). Specifically, "[t]o allege a plausible claim under Section 1983 against a municipality, a plaintiff must show that (1) an official policy

(2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Vardeman v. City of Houston*, 55 F.4th 1045, 1052 (5th Cir. 2022) (cleaned up and citation omitted).  Even so, a city does not automatically incur § 1983 liability for injuries caused solely by its employees, and it cannot be held liable on a *respondeat superior* theory.  *Monell*, 436 U.S. at 694; *Johnson v. Deep E. Tex. Reg'l Narc.*, 379 F.3d 293, 308 (5th Cir. 2004).

Harris fails to identify an official policy or practice of the City of Famers Branch that resulted in the deprivation of his constitutional rights.  In answer to the questionnaire, when prompted to identify any official policy or custom, Harris simply states that he cannot answer the question now because he is "waiting for a response from the Farmers Branch open records department"—specifically copies of the "Farmers Branch Personnel Manual, General Orders, SOP for on duty street patrol officers." Doc. 12 at 3.  In his supplemental answers to the questionnaire, Harris generally complains about the deprivation of his car and firearm, but he does not identify any relevant policy or custom, apart from vaguely referencing the *Farmers Branch Police Department Standard Operating Procedure* for *Impoundment of Vehicles*.  Doc. 13 at 1-3; Doc. 13 at 5.  Likewise, his operative complaint offers nothing to suggest the existence of a custom or policy meaningfully related to the events here.  *See* Doc. 14 at 4 (stating generally only that he "was not compensated nor offered adequate compensation for seizure of his property that [was] seized per policy of the Defendant's employer in the name of 'public safety'").

Additionally, courts generally "reject Section 1983 claims against a municipality based on one incident," as it appears to be the situation here.  *Vardeman*, 55 F.4th at 1052.  Simply put, if the key evidence of the purported policy or custom stems from an incident in "this single case," it does not suffice.  *Id.*  "To be unconstitutional . . . a municipal entity's policy that derives

from custom or practice must be so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* at 1052-53 (citations omitted).

In short, Harris' operative complaint, as supplemented by his answers to the questionnaire, does not sufficiently allege a policy, pattern, or practice of the City of Farmers Branch that culminated in the use of excessive force, false arrest, illegal search and seizure, denial of medical care, or deprivation of property claimed here. As a result, Harris' claims against the City of Farmers Branch lack facial plausibility and should be dismissed for failure to state a claim.

### B. Farmers Branch Police Department is Not a Suable Entity

Further, Harris cannot sue a servient political agency or department, such as the Farmers Branch Police Department, unless such agency or department enjoys a separate legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). Because Harris seeks relief from an entity that is not subject to suit under § 1983, his allegations against the Farmers Branch Police Department fail to state a claim upon which relief may be granted.[1]

---

[1] Because Harris named a nonexistent jural entity, he had the chance to name any other defendant in answer to the questionnaire but did not do so. Doc. 12 at 3. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). He stated only that the "City of Farmers Branch is the municipal employer of [the] Farmers Branch Police Department." Doc. 12 at 3. A city, however, may not be sued simply on a *respondeat superior* theory as previously noted. *See Monel*, 436 U.S. at 694. And Harris has not named any others as defendants in his amended complaint or answers to the questionnaire, merely asserting that "[t]he officer[s] acting for the Farmers Branch Police Department can be held individually and jointly liable with their municipal employer which is one of the defendants in this matter." Doc. 12 at 6.

In sum, Harris' operative complaint fails to state a plausible claim against both the City of Farmers Branch and the Farmers Branch Police Department and, as a result, should be dismissed for failure to state a claim.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Based on the legal theories and facts Harris posits, he cannot, as a matter of law, state a plausible legal claim. In addition, the Court has already permitted him to supplement his complaint by his answers to the magistrate judge's questionnaire and he filed an amended complaint. Doc. 12; Doc. 14. Thus, the Court concludes that Harris has already pled his best case and granting further leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, it is recommended that Harris' complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on April 24, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).